**MACFADON, Estate of, In re.**

Ohio Appeals, Second District, Franklin County.

No. 3744. Decided January 23, 1945.

Ray W. Poppleton, Columbus, Tussing & Lane, Columbus, for plaintiff-appellant.

Fritzie Kessler and B. B. Bridge, Columbus, for defendant-appellee.

SHERICK, J., of the Fifth Appellate District sitting by designation in place of Barnes, P. J.

**OPINION**

By GEIGER, J.

This matter is before this Court on an appeal from an order of the Probate Court appointing an administrator of the decedent's estate. It presents a number of novel matters which are strenuously urged by counsel for appellant. We will be unable within the proper limits of an opinion to detail all the objections and our conclusions in reference thereto.

As briefly as we may, the facts are that Marian Roberta MacFadon, the wife of Henry J. MacFadon, died on December 16, 1943, intestate, a resident of Franklin County. On March

10, 1944, an application for "no administration" was filed by Robert O'Brien, the father of the decedent, in the Probate Court of Franklin County. The application for this adjudication by the Court described the only assets of the decedent's estate as certain personal property of a total value of $425.00, and further stated that said applicant, Robert O'Brien, had advanced funds for nursing, hospital, doctors and funeral expenses which totaled over $1000.00. Consent for the relief prayed for was filed by Henry J. MacFadon, the husband of the decedent. On March 10, 1944, the Probate Court made an order upon the application, wherein the Court found that the estate of the decedent is less than $500.00, and that the creditors will not be prejudiced by the order, and it was ordered that said estate be relieved from administration, and the assets were ordered distributed to Robert O'Brien in payment of the hospital and nursing bills of his daughter.

On May 1, 1944, a new term of the Probate Court started. Thereafter, on May 10, the appellee, Harris C. Kuhnheim, filed an application for the appointment of the administrator of the decedent's estate, and a citation was issued to the appellant directing him to take or renounce administration of decedent's estate. Appellant moved for a dismissal of the application of the appellee for the specific grounds that no notice of the filing of the application or the citation had been issued to or served upon Henry J. MacFadon, surviving spouse of the decedent, who was a resident of Franklin County; and second, that the granting of the application would constitute a voiding and vacating of the former order of the Court made March 10, 1944, wherein the Court had ordered that said estate was to be relieved from administration. The question of whether or not the surviving spouse was served with the citation gave rise to considerable testimony. The surviving spouse was a soldier, and soon after the death of his wife, the decedent in this case, he left for camp in Texas and continued in the armed forces. The service of citation was made at the residence of appellant, 1872 Stanford Road. The appellant, the father of the deceased wife, appeared and strenuously resisted the appointment of the administrator. A large part of the bill of exceptions relates to the question as to whether the surviving spouse resided at the place where the service of citation was made upon him. O'Brien, the father-in-law of the soldier, gave testimony to the effect that the soldier, as a matter of fact, did not live at his, O'Brien's residence; that he had left that place shortly after the death of his wife, the daughter of the appellant. The case was con-

tinued at least twice in order to perfect the service of the citation upon the surviving spouse, it being claimed that no administrator could be appointed until he had been served with citation to appear to accept or renounce the appointment as administrator.

A number of witnesses were examined, and the Court upon consideration of the evidence of these witnesss determined that the service was properly made at the place shown in the return of the Sheriff, and that so far as the citation was concerned the administrator might be appointed. In this we concur.

The point is stressed that due to the fact that at a preceding term, the Court had declared that the estate need not be administered, the assets being less than $500.00 and being properly distributed to the father on preferred claims for nursing, that no administration could be had because the same would be in direct conflict with the order of the Court declaring that it was unnecessary to administer the estate. It was claimed that before an administrator could be appointed it would be necessary for the applicant to seek and secure the vacation of the order of the Probate Court made at the prior term. The Court held that the fact there had been upon the application of the father of the decedent a finding that no administration was necessary, would not preclude the right of a creditor to secure the appointment of an administrator to whom he might present for acceptance or rejection his claim against the decedent's estate. This claim arose from the fact that the decedent during her lifetime had in the operation of her automobile injured the claimant, and that on account of such personal injury, he had a claim against the decedent's estate. In addition to the objection that there had been a prior order of the Court still in force to the effect that no administration be required, that it was apparent that the appointment of an administrator would be useless in view of the fact that the decedent's estate should properly be distributed to the father in payment of the preferred claim arising out of nursing and hospital expenses for his daughter. However, it soon appeared and was admitted in argument in this Court that the daughter had an insurance policy upon her automobile and that if she was responsible for the personal injuries to the applicant, the insurance company might be liable to pay any judgment secured against her estate within the limits of the policy.

We are in entire harmony with the Court below in holding that the declaration that there need be no administration

of the estate would not preclude the appointment of an administrator on the application of a creditor.

We are of opinion that the two proceedings were independent, and that it was not necessary for the applicant seeking the appointment of an administrator to first secure the vacation of the judgment of the Court made at a prior term, declaring it unnecessary to have an administrator of the estate. The creditor had no right to intervene or to bring a proceeding to set aside the judgment of the court declaring it unnecessary to administer. His rights began when he made an application as a creditor and if he could support his claim that he was a creditor he had a right to the appointment an administrator should be appointed by securing that by the Probate Court.

While the appellant strenuously contested the right of the creditor to secure the appointment for the two reasons noted, when the Court found that the creditor had a right to the appointment of an administrator, the appellant, the father of the decedent, then sought and secured the appointment, reserving the right to appeal from the judgment of the Court holding that an administrator should be appointed. This was rather an unusual proceeding, it appearing that the appellant availed himself of the judgment of the Court that an administrator should be appointed by securing that appointment for himself and thereupon filed an appeal to this Court asking that the judgment of the Court, which was the foundation of his own appointment, be reversed.

In this Court the appellant, Robert O'Brien, asserts six specific errors:

(1)   That the Court erred in granting the application of the creditor for the appointment of an administrator.

(2)   That it erred in overruling the motion of the appellant to quash the service of summons upon Henry J. MacFadon, the surviving spouse.

(3)   That it erred in overruling the motions of the appellant to dismiss the application of the creditor for the appointment of an administrator.

(4)   Erred in its finding as set out in the entry of May 26, 1944.

(5)   That it erred in overruling motions for a new trial.

(6)   For other errors.

While there are six assignments of error, there are two that are relied upon most strongly, that the Court below could not appoint an administrator while a prior order of the Court remained in effect relieving the estate from administration; and further, that the Court could not appoint an administrator

without a citation duly served upon the surviving spouse to take or renounce the administration.

We have already passed upon these matters and find no merit in the other assignments of errors.

There are references made to a decision of a Court of Appeals of Cuyahoga County in which it is claimed the Court refused to appoint an administrator because there had been a prior finding of the Court that the estate need not be administered. It is stated, after the affirmance of the order of the Probate Court application to review the case in the Supreme Court was denied and it is argued that the Supreme Court thereby has put its approval upon the decision of that Court. We would say that our examination discloses the fact that the Supreme Court did not pass upon the question at issue, but simply refused to allow the case to be certified on the ground that it presented no disputed constitutional question. We do not have before us the decision of the Court of Appeals and we do not feel that we are bound by the statement of counsel as to the issue there made and decided. We further state that if as a matter of fact the Court of Appeals of Cuyahoga County decided this matter in the way claimed by counsel that we will not follow that decision or be controlled by it.

Judgment of the Probate Court affirmed.

HORNBECK and SHERICK, JJ., concur.